Wm. Michael Whelan, Jr., ESQ. (CA Bar No. 112190)
95 S. Market Street, Suite 300
San Jose, California  95113
(650) 319-5554 telephone
(415)-522-1506 facsimile
whelanlaw@gmail.com

Attorney for Defendant
SANFORD WALLACE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>SANFORD WALLACE,<br><br>    Defendant. | Case Numbers:<br><br>CR-11-456-EJD<br><br>**SANFORD WALLACE'S SENTENCING MEMORANDUM and REQUEST FOR VARIANCE FROM THE GUIDELINE RANGE**<br><br>**Date: June 13, 2016, 1:30 p.m.**<br>**Courtroom:  1, 5th Floor**<br>**Judge: Hon. Edward J. Davila** |

      COMES NOW the defendant, Sanford Wallace, through his counsel Wm. Michael Whelan, Jr. and hereby submits his sentencing memorandum requesting a 24-month prison term, a downward variance of 9 months down from the low end of 33 months.  The PSR "Recommendation" at page 3 of the USPO's Sentencing Recommendation also

-1-

requests 24 months, although the USPO requested 30 months (a 3 month variance) at page 1.

Mr. Wallace further requests a 1-year term of supervised release, not 5 years as requested by the PSR. Mr. Wallace requests that the Court essentially give him supervised release "credit" for his past 5 years of perfect USPTS compliance.

Further, regarding resitution, the United States, by and through AUSA Susan Knight, will be adjusting down the restitution request from $320,000.00 to $310,628.55 based on recent correspondence with the victim, Facebook.

## Unresolved Objections in the PSR

There are no truly unresolved objections to the final PSR. However, defense counsel initially objected to the understated language in the "Adjustment for Acceptance of Responsibility" section (now paragraph 35, page 13). The initial draft stated simply that the defendant "indicated that he would rely on the Plea Agreement for his Acceptance of Responsibility". This statement was not entirely accurate. Defense counsel pointed out in his response/objection to the PSR Draft, that defense counsel did not reign in Mr. Wallace during the PSR interview. Defense counsel did not restrict Mr. Wallace from the detailed questions presented to him by the late and dearly-missed USPO BelOchi. She questioned Mr. Wallace extensively regarding his legal and illegal spamming activities since the late 90's, and he answered those questions fully and straightforwardly. In response to this objection, the final PSR added, "He was, however, forthcoming during the presentence interview and candid with the probation officer." This is an understatement.

**3553(a) Factors and Downward Variance Request**

There is another understatement in the PSR at page 5, "His USPTS supervision officer reported that the defendant is compliant and reports as directed." This is true. But put in further perspective, and a more favorable light, once Mr. Wallace was criminally indicted, he "got the message" and became law-abiding. He requests that the Court favorably consider as mitigating his almost 5 full years of stellar pretrial release compliance in Las Vegas and perfect record of appearing on time for each and every criminal case pretrial hearing.

The PSR describes multiple facts and circumstances of Mr. Wallace's personal characteristics worthy of the Court's consideration. It was during the extensive, personal and revealing PSR interview with USPO BelOchi, that it became obvious to both of us that Mr. Wallace needed to be evaluated for obsessive compulsive features, Asberger's Syndrome, and psychiatric history. Given the findings of defense expert psychiatrist Dr. Norman Roitman, the defendant's 5 years of pretrial services compliance is all the more extraordinary. It is for this reason, that the PSR statement, last sentence of page 24, is not entirely true: "No set of orders or money judgments have dissuaded the defendant from further engaging in his fraudulent conduct." That is true only of prior civil case orders and money judgments. Since his criminal indictment and arrest on August 11, 2011, Mr. Wallace ceased and desisted his fraudulent schemes. While the PSR partially acknowledges that Mr. Sanford's learning disability, Asberger's symptoms, and congenital minimal brain damage are mitigating, it does not acknowledge how, given those limitations and his pre-indictment offense conduct, Mr. Wallace dramatically

responded with strict pretrial release compliance.  This has been extraordinary, *not* something that could be said "for the majority of defendants who appear before this court".

As in all cases post *Booker,* in choosing the particular sentence that complies with the "overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing," [*Kimbrough v. United States*, 128 S. Ct. 558 at 570 (2007)], the judge "shall consider", among other provisions, the "nature and circumstances of the offense" pursuant to 18 U.S.C § 3553(a)(1), "seriousness of the offense" pursuant to 18 U.S.C § 3553(a)(2)(A), and "the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct" pursuant to § 3553(a)(6).

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the offense and history and characteristics of the defendant.'"  *Gall v. United States*, 128 S. Ct. 586 at 596 n.6 (2007).

Section 3553(a)(2)(A) requires the judge to consider "the need for the sentence imposed… to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The seriousness of the offense traditionally is weighed by the degree of injury sustained by victims, the defendant's motives, role in the offense, and the existence, if any, of mental illness or cognitive impairment.  Of note, Congress believed that prison should generally be inappropriate in "cases in which the defendant is a first offender, who has not been convicted of a crime of violence or an otherwise serious crime." 28 U.S.C. § 994(j).

## **Conclusion**

Mr. Wallace has learned his lesson. He has demonstrated that over the last 5 years of perfect USPTS compliance. He is now fully prepared to accept a federal prison sentence. A 24 month sentence, followed by one year of supervised release, would serve to appropriately reflect the seriousness of the offense, promote respect for the law, and prove just punishment.

Respectfully submitted,

Dated: June 6, 2016 _____/s/_____
WM. MICHAEL WHELAN, JR.
Attorney for Defendant Sanford Wallace

WM. MICHAEL WHELAN, JR.
ATTORNEY AT LAW
95 S. MARKET STREET, SUITE 300
SAN JOSE, CALIFORNIA 95113
(650) 319-5554

-5-
SANFORD WALLACE'S SENTENCING MEMORANDUM